67 F.3d 626
 Mrs. Ruth BARNES, individually and as Special Administrator
of the Estate of Troy Barnes, deceased, Plaintiff-Appellant,
v.
KEENE CORPORATION, Owens-Illinois, Incorporated,
Owens-Corning Fiberglas Corporation, et al.,
Defendants-Appellees.
 No. 90-3869.
 United States Court of Appeals,
Seventh Circuit.
 Argued Sept. 6, 1995.
Decided Oct. 3, 1995.
 
 John E. Herrick, Barnwell, SC, Terrence M. Johnson, Chicago, IL, David A. Novoselsky (argued), Kevin S. Besetzny, Novoselsky & Associates, Chicago, IL, for Ruth Barnes.
 Robert H. Riley, Schiff, Hardin & Waite, Chicago, IL, Kent L. Plotner, Heyl, Royster, Voelker & Allen, Edwardsville, IL, for Keene Corporation.
 Robert H. Riley, Joseph O'Hara, Darren VanPuymbrouck, Schiff, Hardin & Waite, Chicago, IL, Kent L. Plotner, Heyl, Royster, Voelker & Allen, Edwardsville, IL, for Owens Illinois, Incorporated.
 Carolyn Quinn, John Dames (argued), Kelley, Drye & Warren, Chicago, IL, for Owens-Corning Fiberglas Corporation.
 Fred B. Moore, Livingston, Barger, Brandt & Schroeder, Bloomington, IL, Raymond H. Modesitt, Wilkinson, Goeller, Modesitt, Wilkinson & Drummy, Terre Haute, IN, Jeffrey S. Hebrank, Burroughs, Hepler, Broom, MacDonald & Hebrank, Edwardsville, IL, for Celotex Corporation.
 Fred B. Moore, Livingston, Barger, Brandt & Schroeder, Bloomington, IL, for Raymark Industries.
 Fred B. Moore, Livingston, Barger, Brandt & Schroeder, Bloomington, IL, Jeffrey S. Hebrank, Burroughs, Hepler, Broom, MacDonald & Hebrank, Edwardsville, IL, for Carey Canada, Incorporated.
 Michael T. Novak, Office of the Attorney General, Criminal Appeals Division, Springfield, IL, Michael D. Freeborn, Michael J. Higgins, Freeborn & Peters, Chicago, IL, Richard J. Wilderson, Graham & Graham, Springfield, IL, for Manville Corporation Asbestos Disease Compensation Fund.
 Before CUMMINGS, ROVNER and D. WOOD, Circuit Judges.
 CUMMINGS, Circuit Judge.
 
 
 1
 Plaintiff's husband Troy Barnes died in May 1988 of malignant mesothelioma, a cancer caused by exposure to asbestos. He was exposed to numerous asbestos products in the work place during the 43 years of his working life.
 
 
 2
 In August 1988, Ruth Barnes, the widow of Troy Barnes, filed a suit against 18 defendant asbestos manufacturers, blaming her husband's fatal illness on them. In February 1990, the district court granted summary judgment in favor of six defendants, with a subsequent jury trial against the remainder. The jury found that Troy Barnes was 45% negligent and attributed negligence to six defendants in the following percentages totaling 55%:
 
 
 3
 Carey Canada 14%
 
 
 4
 Celotex 3%
 
 
 5
 Keene 4%
 
 
 6
 Manville 14%
 
 
 7
 Owens-Corning Fiberglas 14%
 
 
 8
 Owens-Illinois 6%
 
 
 9
 Five days before judgment, Celotex and Carey Canada filed for bankruptcy.
 
 
 10
 On October 17, 1990, the district court entered a final judgment order which determined that the following defendants were severally liable for damages assessed against them by the jury verdict. After deducting $37,586 that plaintiff had received in pretrial settlements, judgment was entered against the following six defendants in these amounts:
 
 
 11
 Carey Canada 14% or $25,109.11
 
 
 12
 Celotex 3% or 5,380.52
 
 
 13
 Keene 4% or 7,174.03
 
 
 14
 Manville 14% or 25,109.11
 
 
 15
 Owens-Corning Fiberglas 14% or 25,109.11
 
 
 16
 Owens-Illinois 6% or 10,761.05
 
 
 17
 In response to plaintiff's October 26 motion, the district court amended the judgment on November 20, 1990. The final judgment reduced the total jury verdict of $216,936.76 by $40,086 based on pretrial settlements, leaving an amount of $176,850.76. This amount was reduced 45% for decedent's contributory negligence, leaving $97,267.22 as the recoverable amount. Because of their intervening bankruptcy, no judgment was entered against Celotex or Carey Canada. Thus a final judgment for several liability was thereupon entered as follows for a total of $67,203.30:
 
 
 18
 Keene 4% or $ 7,074.03
 
 
 19
 Manville 14% or 24,759.11
 
 
 20
 Owens-Corning Fiberglas 14% or 24,759.11
 
 
 21
 Owens-Illinois 6% or 10,611.05
 
 Joint and Several Liability of Defendants
 
 22
 Plaintiff complains that the district court should have found defendants jointly and severally liable under Sections 2-1117 and 2-1118 of the Illinois Code of Civil Procedure. The former section provides for joint and several liability for a plaintiff's medical expenses and the latter provides that, where recovery is sought based upon an act involving the discharge into the environment of pollutants, joint and several liability is appropriate. In Tragarz v. Keene Corp., 980 F.2d 411 (7th Cir.1992), we accepted identical arguments, but defendant Owens-Corning Fiberglas asks us to overrule that case.[1] We considered in Tragarz the very arguments that the defendants raise here, and they have articulated no persuasive basis on which to circumvent the doctrine of stare decisis.[2] Because we consider the Tragarz opinion to have been correctly decided,[3] we refuse to overrule it and reverse the district court's refusal to grant joint and several liability. Consequently, the judgment below is remanded to assess joint and several liability against the four remaining defendants.
 
 Error in Entering Single Judgment
 
 23
 A single judgment was entered on the three separate verdicts returned by the jury as follows:
 
 
 24
 Verdict A: Survival Action
Medical expense $ 27,040.69
Disability/disfigurement 13,000.00
Pain and suffering 60,000.00
 -----------
 Total $100,040.69
Verdict B: Wrongful Death Action
Loss of money $ 30,000.00
Loss of goods 2,000.00
Loss of services 10,000.00
Loss of society 54,000.00
Funeral expense 5,896.07
 -----------
 Total $101,896.07
Verdict C: Loss of Consortium
Loss of society $ 11,000.00
Loss of services 4,000.00
 -----------
 Total $ 15,000.00
 Grand Total $216,936.76
 
 
 25
 Plaintiff now asserts that judgment should have been entered in favor of the Estate of Troy Barnes on jury Verdict A, a judgment in favor of plaintiff on jury Verdict B, and a judgment in favor of plaintiff on jury Verdict C. However, after the return of the jury's verdicts, plaintiff submitted a draft order to the district court proposing a single judgment. The initial judgment order was entered on October 17, 1990, and plaintiff contested several aspects of the judgment order in a post-trial motion on October 26. However, she never proposed three judgments below (see R. 304) and the point has therefore been waived.
 
 
 26
 The judgment is reversed and remanded with instructions to modify it to reflect the joint and several liability of the four remaining defendants. In all other respects the single judgment is affirmed.
 
 
 
 [1]
 In May 1994, we permitted Owens-Illinois to adopt the Owens-Corning Fiberglas brief
 
 
 [2]
 Other aspects of Tragarz have been cited with approval by this Court in McNabola v. Chicago Transit Authority, 10 F.3d 501, 516 (1993), and King v. Cooke, 26 F.3d 720, 723 (1994), and in three district court opinions, namely, Rosen v. Ciba-Geigy Corp., 892 F.Supp. 208 (N.D.Ill.1995), In re Colorado Springs Air Crash, 867 F.Supp. 630, 633 (N.D.Ill.1994), and Elf Atochem North America, Inc. v. United States, 868 F.Supp. 707, 711 (E.D.Pa.1994)
 
 
 [3]
 Tragarz distinguished Covalt v. Carey Canada, Inc., 860 F.2d 1434 (7th Cir.1988), on which defendants rely because it involved different statutes "concerned with hazardous waste or disposal sites" rather than regulating the productive uses of hazardous substances (980 F.2d at 427). Judge Harlington Wood, who authored the Tragarz opinion, was on the Covalt panel and therefore was well qualified to distinguish the Covalt case